## Madden *v.* Blain *et al.*

The power of a married woman to contract as a free trader, under section 1760 of the code, is restricted by the general provision of section 1783 as to all married women, which disables them to bind their separate estate by any contract of suretyship. Hence, an accommodation acceptance by a *feme covert* is not rendered obligatory by her being a free trader at the time the bill was drawn and accepted.

March 16, 1891. Argued at the last term.

Married women. Contracts. Before Judge Atkinson. Glynn superior court. May term, 1890.

The question in this ·case is as to whether the court below erred in the following charge: "If you should find from the evidence that the defendant, R. Meyers, who is sued as acceptor, was a married woman, that her acceptance was for accommodation only, and at the time he discounted this paper the plaintiff, J. M. Madden, knew of these facts, then, as to the acceptor, the verdict should be for the defendant; and this, whether it be made to appear that she was a free trader or not. The contract of an acceptor for accommodation is one of suretyship, and a married woman cannot make a valid contract of suretyship in this State, whether she be a free trader or not." It appeared from the evidence that the plaintiff knew this lady was an accommodation

acceptor, and a married woman, before he took the draft.

COURTLAND SYMMES, by J. H. LUMPKIN, for plaintiff.

GOODYEAR & KAY, by brief, for defendants.

BLECKLEY, Chief Justice.

An accommodation acceptor is a surety for the drawer. Such was the character of the acceptance in this case. The code, §1783, declares that "While the wife may contract, she cannot bind her separate estate by any contract of suretyship nor by any assumption of the debts of her husband." We think this section applies to all married women, and that it qualifies the general language of §1760 which says: "The wife by consent of her husband, evidenced by a notice in a public gazette for one month, may become a public or free trader, in which event she is liable as a *feme sole* for all her contracts, and may enforce the same in her own name." The phrase "all her contracts" is qualified by §1783, and this construction reconciles the two sections and renders them consistent. A public or free trader, according to the scheme of the code prior to the act of 1866, was bound by all contracts connected with her trade or business, and was upon substantially the same footing as a minor who, by permission of his parent or guardian or by permission of law, practices any profession or trade or engages in any business as an adult. Code, §2733. We can discover no good reason why married women who are free traders should have any wider discretion as to becoming sureties for other persons, or as to assuming the debts of their husbands, than married women generally. Both sections of the code can have effect together, and construing them as we do harmonizes them with the general spirit of our law touching the rights and powers of married women. All of them are, since the act of 1866, substantially

free traders. The control of their husbands over their contracting privileges is merely nominal if not quite done away with. With or without a separate estate, they can make contracts at pleasure, except as restrained by §1783. *Hays* v. *Jordan*, 85 *Ga.* 741, 11 S. E. Rep. 833. This restraint seems wise and salutary. It ought to, and we think does apply alike to all.

The court committed no error. *Judgment affirmed.* ·